IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROY MCGEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-438-M-BN |
| | § | |
| BAYLOR UNIVERSITY MEDICAL | § | |
| CENTER, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* action ostensibly asserting civil rights claims has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

Defendants Baylor University Medical Center and Baylor Scott & White Police (incorrectly named as "Baylor Police Dept."), construing Plaintiff Roy McGee's complaint – filed on the form used for complaints under 42 U.S.C. § 1983 – as only asserting claims for false imprisonment under Texas law and violations of the Sixteenth and Seventeenth Amendments to the United States Constitution, have filed a motion to dismiss this action (with prejudice) under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 12. McGee has filed a court-ordered response. *See* Dkt. No. 13.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons and only to the extent stated below, the Court should grant Defendants' motion to dismiss.

-1-

## Applicable Background

Based on the complaint as amended by his verified responses to the Court's questionnaire, McGee alleges that, on or about January 20, 2017, he was arrested by police officers employed by Defendants and charged with theft of property valued at greater than $750 but less than $2,500. ("$2,500 worth of chicken"). *See* Dkt. Nos. 2 & 7. A criminal case based on this arrest was filed against him in Dallas County. *See* Dkt. No. 2 at 3-5; *State v. McGee*, No. F17-11521 (282nd Jud. Dist. Ct., Dallas Cty., Tex.). A Dallas County Grand Jury returned a no-bill vote as to these charges on February 6, 2017. *See* Dkt. No. 7 at 10. And it appears that McGee was incarcerated from his arrest through the return of a no bill and that McGee alleges that this incarceration contributed to him losing his car. *See id.* at 3, 9.

McGee, who claims to have diabetes, further alleges that, while he was detained by police officers at the hospital "for hours," "[t]hey would not get [me] a shot." *Id.* at 6; *see also* Dkt. No. 14 (response to motion to dismiss) at 1 ("After I was arrested by Baylor Police then put into a holding tank for 2 1/2 hours I told them I need my shot. They did not let me. I got real sick a few hours later I was placed into Jail. I stay there from 1-9/2-7-17.").

## Legal Standards

In deciding a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is

plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

The Supreme Court of the United States "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *see United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (a court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney"); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

While a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), verified responses to interrogatories issued to "[t]o aid in the determination of whether an IFP complaint is frivolous," "become part of the plaintiff's pleadings," *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)).

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial

notice of matters of public record," *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008), such as adjudicative facts apparent from "state court criminal records," *Land v. Stone*, No 3:10-cv-981-B-BK, 2010 WL 5538413, at *4 (N.D. Tex. Dec. 14, 2010) (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998)); *see also* FED. R. EVID. 201.

**Analysis**

McGee's verified response to the Court's questionnaire labels the facts that he alleges as pressing a claim for "false imprisonment" and establishing a "violation of [his] rights [under the] 16th [and] 17th Amendment[s]." Dkt. No. 7 at 3, 6.

<u>Claims under the Sixteenth and Seventeenth Amendments</u>

As Defendants correctly point out, McGee fails to allege plausible claims that Defendants violated his rights (if any) under the Sixteenth Amendment (allowing Congress to levy an income tax) and the Seventeenth Amendment (allowing for the direct election of United States senators).

<u>False Imprisonment/False Arrest Claim</u>

Defendants are also correct that, to state a false-imprisonment claim under Texas law, a plaintiff must allege that he was detained "'without authority of law.'" *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995) (quoting *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985)); *Reicheneder v. Skaggs Drug Ctr.*, 421 F.2d 307, 310 (5th Cir. 1970) ("False imprisonment in Texas is the direct restraint by one person of the physical liberty of another, without adequate

legal justification."). Simply put, "'[i]f the alleged detention was performed with the authority of law, then no false imprisonment occurred.'" *Clayton v. Garland Police Dep't*, No. 3:09-cv-2048-D, 2011 WL 2600640, at *7 (N.D. Tex. June 1, 2011) (quoting *Wal-Mart Stores, Inc. v. Resendez*, 962 S.W.2d 539, 540 (Tex. 1998)), *rec. adopted*, 2011 WL 2600901 (N.D. Tex. June 29, 2011).

"Under Texas law, a person may detain another without consent under certain circumstances. 'A person who reasonably believes that another has stolen or is attempting to steal property is privileged to detain that person *in a reasonable manner* and for a reasonable time to investigate ownership of the property.'" *Hutchison v. Brookshire Bros., Ltd.*, 205 F. Supp. 2d 629, 645 (E.D. Tex. 2002) (quoting TEX. CIV. PRAC. & REM. CODE § 124.001; emphasis added by the court). And, certainly, "a police officer ... may have broader authority to detain someone suspected of theft." *Id.*

Defendants have not addressed whether McGee's claim of "false imprisonment" should be considered under federal law. But, based on McGee's *pro se* status, the Court must also consider whether he asserts a claim under Section 1983 based on false imprisonment or false arrest.

Similar to the state-law requirement that, to allege a false-imprisonment claim, a plaintiff must contend that he was detained without adequate legal justification, "when a plaintiff alleges false arrest as the constitutional violation supporting a § 1983 claim, 'the plaintiff must show that the arresting officers did not have probable cause to arrest him.'" *Evans v. City of Meridian, Miss.*, 630 F. App'x 312, 315 (5th Cir. 2015) (per curiam) (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004);

citing *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) ("The 'constitutional torts' of false arrest ... and false imprisonment ... require a showing of no probable cause."); internal brackets omitted); *see Navarro v. City of San Juan, Tex.*, 624 F. App'x 174, 179 (5th Cir. 2015) ("The constitutional claim of false arrest, in violation of the Fourth Amendment, requires a showing that there was no probable cause." (citations omitted)).

> "Probable cause exists where the facts and circumstances within an officer's knowledge and of which he had reasonably trust-worthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed" [and] "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." The arresting officer must have "more than a 'bare suspicion' but less than a preponderance of evidence" that the person arrested had committed an offense.

*Reitz v. City of Abilene*, No. 1:16-cv-181-BL, 2017 WL 3046881, at *19 (N.D. Tex. May 25, 2017) (respectively quoting *Safford Unified Sch. Dist. No. 1 v. Redding*, 557 U.S. 364, 370 (2009); *Illinois v. Gates*, 462 U.S. 213, 245 n.13 (1983); *United States v. Watson*, 273 F.3d 599, 602 (5th Cir. 2001); original brackets omitted).

The absence of probable cause at the moment of arrest, however, does not assure success for a constitutional claim of false arrest:

> "It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009) (citing *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939, 949 (5th Cir. 2003) (en banc)). "[T]he initiating party may be liable for false arrest," however, "if the plaintiff shows that the 'deliberations of that intermediary were in some way tainted by the actions of the defendant.'" *Id.* (quoting *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988)). But,

-7-

> "because the intermediary's deliberations protect even officers with malicious intent," a plaintiff must show that the official's malicious motive led the official to withhold relevant information or otherwise misdirect the independent intermediary by omission or commission. *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 555 (5th Cir. 2016) (citing *Hand*, 838 F.2d at 1427).

*McLin v. Ard*, ___ F.3d ___, No. 16-30201, 2017 WL 3393120, at *3 (5th Cir. Aug. 8, 2017).

The Court may take notice that, according to the state-court record, McGee appeared before a magistrate at the Dallas County Jail after his arrest. The duties of a magistrate in this situation include informing the person arrested "of his right to have an examining trial." TEX. CODE CRIM. PROC. art. 15.17; *see also id.* art. 14.06. "By the very nature of the process for which it is employed, an examining court is supposed to function with a limited juridic goal: determination whether there exists probable cause to further restrain the accused." *State ex rel. Holmes v. Salinas*, 784 S.W.2d 421, 426 (Tex. Crim. App. 1990) (en banc); *see, e.g.*, *Oliver v. State*, 995 S.W.2d 878, 880 (Tex. App. – Houston [1st Dist.] 1999, no pet.) ("Here, the record indicates that at the [preliminary initial appearance (or PIA)] hearing, appellant was given his statutory warnings and the magistrate found probable cause to detain him.").

Here, however, the state-court record is unclear as to whether an examining trial occurred. But, if one did occur, and if, during that proceeding, the magistrate found probable cause for McGee's arrest, this Court could not take judicial notice of that legal determination. *See Taylor*, 162 F.3d at 831. That said, while "a warrantless arrest supported by probable cause is constitutionally permissible," "[t]o continue to

detain the suspect, the state must obtain 'a fair and reliable determination of probable cause' by a neutral magistrate 'promptly after arrest.'" *Jones v. Lowndes Cty., Miss.*, 678 F.3d 344, 348 (5th Cir. 2012) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 124-24 (1975)); *see also id.* ("'[A] jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*.'" (quoting *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991))). And McGee has alleged that he was detained from his arrest through the grand jury's no-bill determination – more than two weeks later.

It therefore can be reasonably inferred from McGee's allegations and the facts that can be judicially noticed that, although he was not indicted, his arrest was supported by probable cause (and thus justified as adequately legal). *Cf. Smith v. Harris*, 134 F.3d 366, 1997 WL 811515, at *1 (5th Cir. Dec. 9, 1997) (per curiam) ("A finding of probable cause by an independent intermediary such as a magistrate or a grand jury will cut off the peace officers' liability for false arrest under § 1983. This bar applies even if the probable cause finding is made after the defendants' arrest." (citing *Taylor*, 36 F.3d at 456)). And, assuming his arrest was made without probable cause, McGee has not alleged – nor may it be inferred based on his allegations – that the arresting officers "tainted" the magistrate's determination of probable cause that necessarily must have been made in order to detain McGee for the more-than-two-week period before the no-bill determination. *See McLin*, 2017 WL 3393120, at *3 ("[A]lthough our precedent demonstrates that 'mere allegations of "taint"' are insufficient at summary judgment, such allegations may be adequate to survive a

motion to dismiss where the complaint alleges other facts supporting the inference." (quoting *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010); citations omitted)).

Therefore, absent a basis for a reasonable inference that there was neither probable cause nor an adequate legal justification for his arrest, McGee's failure to allege that a subsequent probable-cause determination was somehow "tainted" (or set out facts that support such an inference) means that he has alleged neither a plausible claim of false imprisonment nor a plausible claim of false arrest. *Cf. Clark v. Does 1-25*, Civ. No. 11-1395 (SDW), 2012 WL 136814, at *3 (D.N.J. Jan. 18, 2012) (dismissing without prejudice claims for false arrest and false imprisonment based "solely upon the fact that the case was later dismissed on a 'no bill' from the grand jury" where the plaintiff failed to allege "any details about the circumstances of his arrest").

<u>Deliberate Indifference Claim</u>

Although not addressed in Defendants' motion to dismiss, McGee alleges that he was detained by police officers for hours after his arrest, during which time, he was not provided medical care. *See* Dkt. No. 7 at 6; *see* Dkt. No. 14 at 1 (asserting that this failure to provide care resulted in his becoming sick after being booked into the Dallas County Jail). Such allegations state a plausible claim for deliberate indifference in violation of the Eighth Amendment that is better addressed by this Court through a motion for summary judgment documenting the treatment of McGee while he was detained and on "which competent evidence outside the pleadings can be considered by the court after the parties have had an opportunity to conduct discovery."

*Henderson v. Wells Fargo Bank, N.A.*, No. 3:16-cv-492-L, 2016 WL 5816227, at *1 (N.D. Tex. Oct. 5, 2016).

**Recommendation**

The Court should grant the motion to dismiss [Dkt. No. 12] by dismissing with prejudice any claims based on the Sixteenth and Seventeenth Amendments and by dismissing without prejudice the claims for false imprisonment and false arrest, allowing McGee leave to amend his complaint as to these claims within 21 days of any order accepting these findings, conclusions, and recommendation (or some other reasonable deadline to be set by the Court) and further instructing McGee that, if he fails to file an amended complaint by the deadline established by the Court, this action will proceed only as to his claim of deliberate indifference.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 28, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE